IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| MEDIA DIGITAL, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| HUAWEI TECHNOLOGIES USA INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Media Digital, Inc. brings this action against Defendant HUAWEI TECHNOLOGIES USA INC., and for its cause of action alleges:

### THE PARTIES

1. MEDIA DIGITAL, INC. ("Media Digital" or "Plaintiff") is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 7 Warren Avenue, Salem, New Hampshire, 03079-1633.

2. HUAWEI TECHNOLOGIES USA INC. ("Huawei" or "Defendant"), on information and belief, is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024 and may be served through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

### THE PATENT

3. On August 8, 2000, United States Patent No. 6,101,324 ("the '324 patent") entitled "Computer Touch Screen Radio Station Control System" was duly and legally issued. A true and correct copy of the '324 patent is attached as Exhibit A. The '324 patent relates generally to touch screen control of multimedia systems that play audio or video programs. The

1

system allows touch screen control of a schedule log to arrange and edit a schedule of audio or video events for playback.

4. Pursuant to 35 U.S.C. § 282, the '324 patent is presumed valid.

5. By assignment, Plaintiff is the owner of the '324 patent and at all relevant times has had the right to enforce the '324 patent.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code, particularly §§ 271 and 281.  This Court has jurisdiction over the claim for patent infringement under 28 U.S.C. § 1338(a).

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

8. Defendant, upon information and belief, transacts business in this district by making, using, selling or offering to sell methods and systems as described and claimed in the '324 patent and/or conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

## CLAIM FOR PATENT INFRINGEMENT

9. Upon information and belief, Defendant manufactures, makes, has made, markets, sells and/or uses products that infringe one or more claims in the '324 patent.

10. On information and belief, Defendant has directly infringed at least claim 1 of the '324 patent and continues to infringe the '324 patent by its manufacture, use, sale, importation and/or offer for sale of its touch-screen controlled smart phones and tablets that include a media player and the ability to control a playlist of music, including but not limited to the Huawei MediaPad tablet and the Huawei Premia 4G, Ascend Y, Unite (U8680), Unite Q (U8730),

Ascend Q, Activa 4G, Talon (U8651T), Mercury, Ascend II, U8652, U8800, M835, and M650 models of smart phones.

11.  By making, using, selling and offering to sell the aforementioned systems, Defendant has been and continues to infringe the '324 patent.

12.  Upon information and belief, Defendant had knowledge of, or was willfully blind to, the existence of the '324 patent since the filing of this Complaint, if not earlier.

13.  The infringement of the '324 patent alleged above has injured Plaintiff and thus, it is entitled to recover damages adequate to compensate for Defendant's infringement, which in no event can be less than a reasonable royalty.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Media Digital prays for entry of judgment:

A.  That Defendant, has directly infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '324 patent;

B.  That Defendant account for and pay to Plaintiff all damages caused by the infringement of the '324 patent, which by statute can be no less than a reasonable royalty;

C.  That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by Defendant's infringement of the '324 patent;

D.  That Plaintiff be granted its attorneys' fees in this action;

E.  That costs be awarded to Plaintiff;

F.  That Plaintiff be granted such other and further relief that is just and proper under the circumstances.

DATED:  April 10, 2013

Respectfully submitted,

/s/ David Pinsonneault
WINER & BENNETT, LLP
111 Concord Street, P.O. Box 488
Nashua, NH 03061
(603) 882-5157
Fax: (603) 882-2694

OF COUNSEL:

/s/ Jonathan T. Suder
Texas Bar No. 19463350
Corby R. Vowell
Texas Bar No. 24031621
Dave R. Gunter
Texas Bar No. 24074334
FRIEDMAN, SUDER & COOKE, P.C.
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax: (817) 334-0401
jts@fsclaw.com
vowell@fsclaw.com
gunter@fsclaw.com

Edward W. Goldstein
Texas Bar. No. 08099500
GOLDSTEIN LAW, P.L.L.C.
1177 West Loop South, Suite 400
Houston, Texas  77027
(713) 877-1515
Fax: (713) 877-1737
egoldstein@gliplaw.com